UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR WILSON, | ) | Civil No. 06-CV-1023-J (JMA) |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **ON PETITION FOR WRIT OF** |
| | ) | **HABEAS CORPUS BY A PERSON** |
| G.J. GIURBINO, Warden, | ) | **IN STATE CUSTODY** |
| Respondent. | ) | |

**1.   Introduction And Procedural Background.**

   Petitioner is a state prisoner serving a thirty-one (31) year to life sentence after a May 16, 2002 jury conviction. (Lodgment 1 at 216-217, 249.)  He was convicted in a retrial (in San Diego County Superior Court Case No. SCE200144) of assault with a deadly weapon on a peace officer and resisting an executive officer in violation of Cal. Penal Code §§ 245(c) and 69, respectively.  (Lodgment 1 at 166-167.)  The jury found that Petitioner personally used a deadly and dangerous weapon (Cal. Penal Code § 12022(b)(1)) and that he had two prior "strike" convictions pursuant to Cal. Penal Code §§ 667(b)-(i) and

1170.12.  (Lodgment 1 at 166-169.)

On June 20, 2002, prior to filing a notice of appeal, Petitioner filed a petition for writ of habeas corpus in San Diego Superior Court, raising claims of ineffective assistance of counsel and insufficiency of the evidence.  (Lodgment 2.)  On July 3, 2002, he filed an "amended" petition in that same court, adding a claim that his sentence was improper.  (Lodgment 3.)  On July 16, 2002, Herbert J. Exarhos, Judge of the Superior Court, denied the petition.  (Lodgment 4.)

On March 24, 2003, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, raising the same claims raised in his petition to the San Diego Superior Court. (Lodgment 8.)  On May 28, 2003, that court issued an order that it would consider the habeas petition at the same time as it considered Petitioner's direct appeal.  (Lodgment 9.)  On January 6, 2004, the California Court of Appeal denied both Petitioner's direct appeal and his petition for writ of habeas corpus. (Lodgments 5-7, 10.)

On August 11, 2004, Petitioner constructively filed (by delivering to prison officials for mailing[1]) a Petition for Writ of Habeas Corpus in the California Supreme Court.  (Lodgment 12.) That petition was denied on July 20, 2005.  (Lodgment 13.)

On May 2, 2006, Petitioner constructively filed a Petition for Writ of Habeas Corpus in United States District Court, contending that:  1) he received ineffective assistance of counsel; 2) he was denied due process when the prosecution

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988); Saffold v. Newland, 224 F.3d 1087, 1091 (9th Cir. 2000).

destroyed evidence; 3) his conviction was based on insufficient evidence; and 4) his sentence was improper.  (Doc. No. 1.)  On June 12, 2006, Respondent filed a Motion to Dismiss the Petition (Doc. Nos. 5-6), contending that the Petition is time-barred by the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).[2]  In response to the Motion to Dismiss, Petitioner filed a Motion for Equitable Tolling of Time (Doc. Nos. 10-12), and on August 10, 2006, Respondent filed an Opposition to Equitable Tolling.  (Doc. No. 8)

    As discussed below, the Petition should be dismissed with prejudice because it is time-barred, and Petitioner has not shown cause why the limitations period should be deemed equitably tolled so as to render his Petition timely-filed.

**2.**     **Pursuant to Statutory Law, the Petition Was Not Timely-Filed.**

    The AEDPA's statute of limitations applies to Petitioner's presentation of claims in this Court.  <u>Calderon v. U.S. District Court (Beeler)</u>, 128 F.3d 1283, 1286-1287 (9th Cir. 1997), <u>as amended on denial of rhg. and rhg. en banc</u>, <u>cert. denied</u>, 522

---

[2] 28 U.S.C. § 2244(d)(1) states: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of — (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

U.S. 1099 (1998), <u>overruled on different grounds</u> in <u>Calderon v. U.S. District Court</u>, 163 F.3d 530 (9th Cir. 1998), <u>cert. denied</u>, 523 U.S. 1063 (1999).  The conclusion of direct review of Petitioner's conviction occurred on February 15, 2004, forty (40) days after his direct appeal was denied by the California Court of Appeal.  Accordingly, absent any applicable tolling, Petitioner had until February 15, 2005 to file his federal habeas Petition.  <u>Id.</u>; <u>see</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243 (9th Cir. 2001)(Rule 6(a), F.R.Civ.P., governs the calculation of the 1-year statute of limitations period of the AEDPA).

Because Petitioner filed an application for state post-conviction relief during the time that the statute of limitations would otherwise have been running, a tolling analysis pursuant to § 2244(d)(2) is necessary.[3]  Under this analysis, the February 15, 2005 date for expiration of the one-year period within which Petitioner could timely file his federal Petition is extended by the number of days the statute of limitations was tolled.

As set out above, Petitioner did not file an "application for State post-conviction or other collateral review" following the conclusion of direct review of his conviction until August 11, 2004.[4]  At that point, 178 of the 365 days allowed by the statute of limitations had already expired.  Petitioner is

---

[3] 28 U.S.C. § 2244(d)(2) states:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

[4] Petitioner's earlier-filed habeas petitions are irrelevant to a statutory tolling analysis because the statute of limitations did not begin to run until February 15, 2004, and the earlier-filed petitions had by that time already been denied.

entitled to tolling of 344 days for the period from August 11, 2004 to July 20, 2005 (the time during which his petition for writ of habeas corpus was pending before the California Supreme Court). That tolled time thus extended the deadline for filing a federal Petition from February 15, 2005 to January 25, 2006.

As set out above, Petitioner did not constructively file this federal Petition until May 2, 2006, more than three (3) months after the statute of limitations had expired on January 25, 2006. Accordingly, without a showing sufficient to support a finding of equitable tolling for a period of at least 97 days, the Petition was not timely-filed and should be dismissed.

**3.   Petitioner's Motion for Equitable Tolling of Time Should be Granted in Part and Denied in Part.**

In his Motion for Equitable Tolling of Time, Petitioner contends that he is entitled to equitable tolling of the statute of limitations because, essentially: 1) he was subjected to institutional lock downs at Calipatria State Prison from February 2004 to August 2004 and from March 2005 to June 2005; 2) at the time of his transfer from Calipatria to Centinela State Prison, he was separated from his legal documents from December 16, 2005 to February 6, 2006; and 3) he was denied access to the law library during lock downs after his transfer to Centinela State Prison. Petitioner argues that these events constitute extraordinary circumstances outside of his control and that, despite his diligence, they prevented him from timely filing his Federal petition.

Petitioner attaches several exhibits to his Motion for Equitable Tolling of Time. Exhibit 1, dated July 12, 2006, is an

"Inmate/Parolee Appeal Form," completed by Petitioner (but without a response from prison officials), alleging a "Lock Down" during the periods February to August 2004 and March to December 2005. On the form, Petitioner requests copies of the "Program Modifications" that would confirm these alleged periods of lock down, but none are included with the exhibit.

Exhibit 2 is an "Inmate Request for Interview" form, also dated July 12, 2006, seeking confirmation that Petitioner was on "orientation" and then "lock down" from December 19, 2005 through the end of March 2006. The form contains a July 18, 2006 response from "P Serna CCI, Fac B, Bldg-2," stating:

> I checked the above and found you were on orientation status at Centinela from Dec-19-05 thru Jan-5-06; additionally you were part of the facility lockdown from 12-29-05 thru April-12-06. All inmates able to prove a Court deadline were allowed access to the law library during this time.

Exhibit 2 has been altered from what was presumably its original form in that the bottom half of the form has been torn off.

The next page of Exhibit 2 is a copy of "Centinela State Prison, Facility B Bldg. #4 - Unclassified Inmates Guideline," with an underlined portion: "as an unclassified inmate, you can only count on your meals every day and a shower ... ." Presumably, Petitioner included this page to support his contention that from December 29, 2005 through April 12, 2006, he had no law library access. The next six (6) pages of Exhibit 2 are 8 ½ by 14 inch sheets printed on both sides containing copies of "Program Status Reports." The reports show a maximum of 27 days of lock down status for Petitioner between January 4, 2006 and

February 28, 2006.[5]

Exhibit 3 to Petitioner's motion is an "Inmate/Parolee Appeal Form" dated February 1, 2006, which appears to have been submitted by Petitioner to prison officials on February 6, 2006. The form states that, during transfer, Petitioner's legal documents ("my transcripts, Motion and Research") were removed from his possession and were not returned to him with his other belongings on December 21, 2005. As of February 1, 2006, Petitioner states his legal documents have not been returned. An attached "Property Inventory," dated December 16, 2005, appears to confirm that one box of legal documents was part of Petitioner's belongings on December 16, 2005.

Exhibit 4 is an "Inmate/Parolee Appeal Form" submitted by Petitioner on January 30, 2006, complaining that he had been on lock down status since his transfer to the institution and, accordingly, had been denied access to the prison law library. On February 4, 2006, Petitioner received an "informal level staff response" that "only inmates with Court deadlines are granted access to the law library during lockdown." Petitioner responded on February 7, 2006, stating "This is very unsatisfactory in that the [AEDPA] has a deadline of one year, this period of unclassified and lock down is using that time up." Page three (3) of Exhibit 4 is an undated Department of Corrections and Rehabilitation Memorandum stating Petitioner's appeal was "partially granted," and Petitioner was scheduled to be brought to the law

---

[5]While Exhibit 2 includes "Program Status Reports" for certain dates between March 1, 2006 and April 12, 2006, the reports show that library conditions were "normal," and the reports do not support Petitioner's contention that he was on "lock down" status and had no law library access from March 1, 2006 through April 12, 2006.

library on March 15, 2006.

Exhibit 5 to Petitioner's Motion for Equitable Tolling of Time is an "Inmate/Parolee Appeal Form" dated July 14, 2006, requesting copies of "Program Modifications" for January through March 2006, presumably for preparation of the motion.  Pages two through four of Exhibit 5 are a copy of a Department of Corrections Memorandum dated September 17, 2004, authorizing the CDC to copy and mail legal documents for inmates.

In opposition to Petitioner's motion, Respondent submits copies of law library records kept by the California Department of Corrections and Rehabilitation (at Centinela State Prison) pertaining to Petitioner.  The records appear to show that Petitioner requested and was granted law library access between March 5, 2006 and May 2, 2006 on ten (10) separate occasions, while being denied access to the law library on thirteen (13) additional occasions.  (Lodgment 15.)

Equitable tolling of the one-year statute of limitations on habeas petitions is permitted, but Petitioner bears the burden of showing that equitable tolling is appropriate. Espinoza-Matthews, 432 F.3d 1021, 1026 (9th Cir. 2005).  Petitioner must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 1814 (2005).  The relevant periods for purposes of analyzing the merits of Petitioner's Motion for Equitable Tolling are February 15, 2004 to August 11, 2004 and July 20, 2005 to January 25, 2006.  These are the periods (totaling one year) during which the statute of limitations ran in Petitioner's case (the period

August 11, 2004 to July 20, 2005 having been statutorily tolled by virtue of the pendency of Petitioner's habeas petition in the California Supreme Court).

    Petitioner contends that he was separated from his legal materials during transfer between institutions from December 16, 2005 to February 6, 2006. (Doc. No. 11 at 3.) Exhibit 3 to Petitioner's Motion for Equitable Tolling appears to corroborate this contention, and a lack of access to legal materials may constitute extraordinary circumstances supporting a finding of equitable tolling. See Espinoza-Mathews v. California, supra, 432 F.3d at 1026-1027. Accordingly, the undersigned magistrate judge finds and recommends that Petitioner's Motion for Equitable Tolling of Time be granted on this point and that Petitioner is entitled to 40 days equitable tolling (for the period December 16, 2005 to January 25, 2006 - the end of the statutory limitations period) while his legal materials were held by prison officials at Centinela State Prison. Deeming this period equitably tolled extends the filing deadline from January 25, 2006 to March 6, 2006.

    Petitioner also contends that he was subject to institutional lock downs from February 2004 to August 2004, March 2005 to June 2005, and December 2005 to March 2006. Notably, the statute of limitations was already statutorily tolled from August 11, 2004 to July 20, 2005, making the period March 2005 to June 2005 irrelevant for purposes of analyzing Petitioner's motion. As to the first period (February 2004 to August 2004), Petitioner submits no evidence to support that this alleged lock down occurred (or that, even if it did, Petitioner was in any way

1  precluded from completing and filing his federal Petition as a
2  result) other than a conclusory declaration in which he states:
3       That on or about February of 2004, Calipatria State
       Prison facility "B," located in Calipatria, California,
4       went on "Institutional Lock Down" and remained for six
       (6) months. Where all Inmates are restricted to the
5       cell, without access to the Law Library unless there
       was a Court order deadline.
6
7  (Doc. No. 11 at 2.)
8       Even if Petitioner's declaration sufficiently established
9  that a lock down occurred between February 2004 and August 2004,
10 the showing is insufficient to warrant a finding of equitable
11 tolling of the statute of limitations for that period. Without
12 more, the mere denial of access to the law library does not
13 warrant equitable tolling.
14      [¶] Although it is well established that prisoners have
       a constitutional right of access to the courts, the
15      Supreme Court has clarified its decision in Bounds v.
       Smith [citation omitted], stating that access to the
16      law libraries is not required of prisons, but rather is
       one way of assuring the constitutional right of access
17      to the courts. [Citation omitted.] The mere inability
       of a prisoner to access the law library is not, in
18      itself, an unconstitutional impediment. The inmate
       must show that this inability caused an actual harm, or
19      in other words, unconstitutionally prevented him from
       exercising that fundamental right of access to the
20      courts in order to attack his sentence or to challenge
       the conditions of his confinement.
21
22 Akins v. U.S., 204 F.3d 1086, 1090 (11th Cir. 2000). "[A] priso-
23 ner must show that the 'extraordinary circumstances' were the
24 but-for and proximate cause of his untimeliness." Allen v.
25 Lewis, 255 F.3d 798 at 800 (9th Cir. 2001), citing Marsh v.
26 Soares, 223 F.3d 1217, 1221 (10th Cir. 2000)(rejecting equitable
27 tolling claim because, even if temporary closure of prison
28 library constituted extraordinary circumstances, prisoner "has

not shown how this lack of access caused his delay in filing"). Because Petitioner makes no showing that the alleged lock down and lack of access to the prison law library made it impossible for him to timely file his federal Petition, the Court should not find equitable tolling for the period February 2004 to August 2004. Further, while Petitioner has made a showing sufficient to establish that he was "locked down" and denied access to the prison law library for 27 days between January 4, 2006 and February 28, 2006 (see Doc. No. 12 at Exh. 2), that showing of lock down status, without more, is likewise insufficient for a finding of equitable tolling.

Even if the Court found that Petitioner had made a sufficient showing to establish all of the lock downs alleged, at most Petitioner would have shown that he was locked down and denied law library access from February 2004 continuing "for about six (6) months," or at the latest (if six months is calculated from February 28, 2004) August 29, 2004, and for 27 days between January 4, 2006 and February 28, 2006. In other words, after his habeas petition was denied by the California Supreme Court on July 20, 2005, Petitioner had more than seven (7) months[6] during which he was not on lock down status and could have timely filed his federal Petition. As a practical matter, by March 6, 2006 Petitioner was simply required to copy the claims he had already raised in the California courts to a federal form and submit that form for filing in this Court in order to have timely filed the Petition.

---

[6] Minus the 40 days during which he was separated from his legal materials prior to January 25, 2006.

1    Petitioner's conclusory contention that denial of access to
2 the prison law library made it impossible for him to file his
3 federal Petition on time is meritless.  The doctrine of exhaus-
4 tion of state remedies precludes Petitioner from altering his
5 claims (legally or factually) from those presented to the state
6 courts.  No legal research was required (or allowed) after
7 Petitioner's habeas petition was denied by the California Supreme
8 Court on July 20, 2005.  Even assuming Petitioner was required to
9 access the prison law library to retrieve a form or make copies
10 of the Petition, he had more than adequate time to do so.

11    Finally, Petitioner's declaration implies that he may have
12 mistakenly believed that the statute of limitations began to run
13 in his case after the California Supreme Court denied his habeas
14 petition on July 20, 2005, and not on February 15, 2004, when his
15 conviction became final.  (Doc. No. 11 at 5.)  However, a Peti-
16 tioner's inability to correctly calculate the statute of limita-
17 tions is not an "extraordinary circumstance" warranting equitable
18 tolling.  See Raspberry v. Garcia, 448 F.3d 1150, 1054 (9th Cir.
19 2006).

20    In accordance with the foregoing, the undersigned magistrate
21 judge finds and recommends that Petitioner's Motion for Equitable
22 Tolling of Time be GRANTED IN PART insofar as the statute of
23 limitations was equitably tolled for 40 days from December 16,
24 2005 to January 25, 2006, and that Petitioner's Motion be DENIED
25 as to the remainder.  Because the period of allowable equitable
26 tolling extended the limitations period from January 25, 2006 to
27 March 6, 2006, and Petitioner did not constructively file his
28 federal Petition until May 2, 2006, the Petition was not timely

filed.

**4. Conclusion and Recommendation.**

After a thorough review of the record in this matter, the undersigned magistrate judge finds and recommends that Petitioner did not timely file his Petition under the AEDPA and that he has not made a showing to warrant a finding of equitable tolling sufficient to render the Petition timely filed.  Therefore, the undersigned magistrate judge hereby recommends that Petitioner's Motion for Equitable Tolling be **GRANTED IN PART AND DENIED IN PART**, Respondent's Motion to Dismiss the Petition be **GRANTED**, and that judgment be entered accordingly.

This Report and Recommendation is submitted to the Honorable Napoleon A. Jones, Jr., United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than February 28, 2007, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed no later than March 9, 2007.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: January 31, 2007

Jan M. Adler
U.S. Magistrate Judge