# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR WILSON,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>G.J. GIURBINO, Warden,<br><br>　　　　　　Respondent. | Civil No. 06cv1023 J (JMA)<br><br>**ORDER:**<br><br>**1) ADOPTING MAGISTRATE JUDGE ADLER'S R&R;**<br><br>**2) GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR EQUITABLE TOLLING [DOC. NO. 10]; AND**<br><br>**2) GRANTING RESPONDENT'S MOTION TO DISMISS [DOC NO. 5]** |

Before the Court is Respondent G.J. Giurbino's ("Respondent") Motion to Dismiss Petitioner Arthur Wilson's ("Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and Petitioner's Motion for Equitable Tolling of Time. [Doc. Nos. 1, 5-6, 10-12.] Magistrate Judge Jan M. Adler has filed a Report and Recommendation ("R&R") recommending that Petitioner's Motion for Equitable Tolling of Time be granted in part and denied in part, and Respondent's Motion to Dismiss be granted. [Doc. No. 13.] Petitioner timely filed an Objection to the R&R. [Doc. No. 14.] The Court has determined that the issues presented below are appropriate for decision without oral argument. *See* S.D. Cal. Civ. R. 7.1(d)(1). For the reasons set forth below, this Court **ADOPTS** the R&R, and **DENIES** the Petition in its entirety.

## *Procedural Background*

On May 16, 2002, in a retrial in the San Diego County Superior Court, a jury convicted Petitioner of assault with a deadly weapon on a peace officer and resisting an executive order, and found that Petitioner had two prior strike convictions. (*See* Resp't's Lodgm't No. 1 at 166-69.) Petitioner was sentenced to serve thirty-one years to life in a state prison. (*See id.* at 216-17, 249.)

On June 20, 2002, Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court. (*See* Resp't's Lodgm't No. 2.) The petition was amended on July 3, 2002, and denied on July 16, 2002. (*See* Resp't's Lodgm't Nos. 3, 4.) On June 26, 2002, Petitioner filed a timely Notice of Appeal, directly appealing the verdict to the California Court of Appeal. (*See* Resp't's Lodgm't No. 1 at 218.) On March 24, 2003, Petitioner filed a Petition for a writ of habeas corpus in the California Court of Appeal, asserting the same claims raised in his previous petition. (*See* Resp't's Lodgm't No. 8.) On May 28, 2003, the court issued an order that it would consider Petitioner's petition concurrently with his direct appeal. (*See* Resp't's Lodgm't No. 9.) On January 6, 2004, the court denied Petitioner's direct appeal and his habeas petition. (*See* Resp't's Lodgm't Nos. 7, 10.) Petitioner did not seek further direct review.

On August 11, 2004, Petitioner constructively filed a petition for writ of habeas corpus in the California Supreme Court by delivering it to prison officials for mailing. (*See* Resp't's Lodgm't No. 12.); *In re Jordan*, 4 Cal. 4th 116, 119 (1992) (reaffirming the prison-delivery rule, which allows timely filing by delivery to prison officials within the statutory deadline). On July 20, 2005, the petition was summarily denied. (*See* Resp't's Lodgm't No. 13.)

On May 2, 2006, Petitioner constructively filed the instant Petition for Writ of Habeas Corpus in the United States District Court for the Southern District of California, by delivering it to prison officials for mailing, alleging that (1) he was denied adequate assistance of counsel, which deprived him of a fair trial; (2) he was denied due process and a fair trial when the prosecutor failed to preserve material evidence; (3) his conviction was based on insufficient evidence; and (4) his sentence was improperly imposed. [Doc. No. 1.]; *See Patterson v. Stewart*,

251 F.3d 1243, 1245 n.2 (9th Cir. 2001) (holding that a petition is deemed constructively filed at the time it is delivered to prison officials to be mailed to the court).  On June 12, 2006, Respondent filed a Motion to Dismiss the Petition, asserting that the petition was time-barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).  (*See* Mot. to Dismiss at 4-5.) Petitioner filed a Motion for Equitable Tolling of Time and Respondent filed an Opposition to Equitable Tolling.  [Doc. Nos. 8, 10.]

Magistrate Judge Adler issued an R&R, recommending that Petitioner's Motion for Equitable Tolling of Time be granted in part and denied in part, and Respondent's Motion to Dismiss be granted.  (*See* R&R at 13.)  On February 23, 2007, Petitioner timely filed an Objection to the R&R.  [Doc. No. 14.]

*Legal Standard*

The duty of the district court in connection with a magistrate judge's report and recommendation in habeas cases is set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1).  When an objection is made, the Court must make a *de novo* determination as to those parts subject to objection.  *See United States v. Raddatz*, 447 U.S. 667, 676 (1980).  In this case, Petitioner has filed an Objection to the R&R.  Accordingly, this Court will conduct a *de novo* review of the conclusions of law and the findings of fact to which Petitioner has objected.

*Discussion*

In the R&R, the Magistrate Judge recommends Respondent's Motion to Dismiss be granted because Petitioner's petition was not timely filed, and not brought within the applicable one-year statute of limitations by statutory or equitable tolling.  (*See* R&R at 13.)  For the reasons set forth below, this Court **ADOPTS** the R&R, **GRANTS IN PART AND DENIES IN PART** Petitioner's Motion for Equitable Tolling of Time, and **GRANTS** Respondent's Motion to Dismiss the Petition.

**Timeliness of Petitioner's Petition**

The Magistrate Judge correctly concludes that the Petition was filed after the statute of limitations had expired.  (*See* R&R at 3.)  Under the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), a prisoner has one year from the date the conviction becomes "final by the conclusion of *direct* review or the expiration of the time for seeking such review" to file an application for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1)(A) (2004) (emphasis added).

On February 15, 2004, forty days after Petitioner's direct appeal was denied by the California Court of Appeal, the time for seeking further direct review expired. *See Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002); 28 U.S.C. § 2244(d)(1)(A) (2004); Cal. Rules of Court 8.264(b) (stating that a Court of Appeal decision is final in that court thirty days after filing); Cal. Rules of Court 8.500(e) (stating that a petition for review to the California Supreme Court must be filed within ten days after a Court of Appeal decision is final under Rule 8.264). Petitioner did not apply for further direct review in the California Supreme Court. On February 16, 2004, the one-year statute of limitations began to run.[1] *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's limitation period according to Fed. R. Civ. P. 6(a)). Accordingly, absent statutory or equitable tolling, Petitioner had until February 15, 2005, to file a habeas petition in federal court.

### A.     *Statutory Tolling*

Under the AEDPA, the one-year period of limitation is tolled during the time which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (2004); *see Nino*, 183 F.3d at 1006 (9th Cir. 1999) (holding that the AEDPA statute of limitations is tolled while a properly filed state habeas corpus petition is pending).

---

[1] Petitioner contends that the statute of limitations should not begin to run until the denial of his habeas petition in the California Supreme Court on July 20, 2005. (*See* Decl. in Support of Mot. for Equitable Tolling at 5; Objection to R&R at 5.) However, 28 U.S.C. § 2244(d)(1)(A) states that the limitation period begins to run from the "conclusion of *direct* review or the expiration of the time for seeking *such* review." 28 U.S.C. § 2244(d)(1)(A) (2004). In this context, the plain language meaning of "such review" is "direct review." The denial of Petitioner's habeas writ in the California Supreme Court represents *collateral* review, not direct review. *See Duncan v. Walker*, 533 U.S. 167, 172-73 (2001) (noting that state habeas petitions are a form of collateral review). Further, there is no tolling between the conclusion of direct review and the filing of an application for collateral review, such as a state court habeas petition. *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

On August 11, 2004, after 177 days had expired from the limitation period, Petitioner filed a habeas petition in the California Supreme Court, tolling the statute of limitations.[2] The statute remained tolled until July 20, 2005, when the court denied the petition. This tolling extended the one-year deadline for 344 days, until January 24, 2006. However, Petitioner did not constructively file his federal Petition until May 2, 2006, ninety-eight days after the limitation period expired. Therefore, the Court **FINDS** that statutory tolling does not bring the Petition within the statute of limitations.

### B.  *Equitable Tolling*

In rare instances, a petitioner may receive equitable tolling of the statute of limitations. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (stating that equitable tolling is unavailable in most cases). Equitable tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (citation omitted) (citing *Calderon v. United States Dist. Ct. (Beeler),* 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 539-40 (9th Cir. 1998)). In addition to showing extraordinary circumstances, a party seeking equitable tolling must establish that he has been pursuing his rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Spitsyn* 345 F.3d at 799 (requiring the extraordinary circumstances to be the cause of the untimeliness). The burden of proof to show that equitable tolling is appropriate falls on the petitioner. *See Pace,* 544 U.S. at 418.

Petitioner contends that despite his diligence, extraordinary circumstances outside of his control prevented him from timely filing his Petition in this Court. (*See* Mot. for Equitable Tolling of Time at 1-3; Decl. in Support of Mot. for Equitable Tolling of Time at 5.) Specifically, he contends that he is entitled to equitable tolling because of (1) separation from his box of legal documents from December 16, 2005, until February 6, 2006; (2) institutional lockdowns

---

[2] Statutory tolling does not apply to Petitioner's petitions for writ of habeas corpus in the California Superior Court or the California Court of Appeal, because each was pending before the statute of limitations began to run and had been denied.

during his confinement at Calipatria State Prison from February 2004 to August 2004 and from March 2005 to June 2005; and (3) an initial orientation period which precluded Petitioner from the general population, followed by institutional lockdowns during his confinement at Centinela State Prison. (*See* Mot. for Equitable Tolling of Time at 1-2; Decl. in Supp. of Mot. for Equitable Tolling of Time at 2-4.) To support his contentions, Petitioner attaches five exhibits to his Motion for Equitable Tolling of Time. (*See* Mem. in Supp. of Mot. for Equitable Tolling of Time, Ex. 1-5.)

### **1.** *Petitioner's Separation from his Legal Documents*

Petitioner states that on December 16, 2005, he packed a box of legal documents in preparation for transport from Calipatria State Prison to Centinela State Prison, but was not given these documents upon arrival at Centinela. (*See* Decl. in Supp. of Mot. for Equitable Tolling of Time at 3.) Petitioner's contention that he packed one box of legal documents is supported by the "Inmate Property Inventory" dated December 26, 2005, which lists "one box legal" among Petitioner's belongings. (*See* Mem. in Supp. of Mot. for Equitable Tolling of Time, Ex. 3.) An "Inmate/Parolee Appeal Form" evinces that on February 1, 2006, Petitioner requested that his box of legal documents, including his transcripts, motion and research, be located and returned with a letter of explanation. (*See id.*) An "Informal Level Route Slip Receipt," dated February 6, 2006, and signed by an Inmate Appeals Coordinator, indicates that Petitioner's request was forwarded for an informal level response. (*See id.*) In his declaration, Petitioner states that his legal documents were located and returned on February 6, 2006. (*See* Decl. in Supp. of Mot. for Equitable Tolling of Time at 3.)

The Ninth Circuit has held that it is "unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period" without access to his legal file. *Spitsyn*, 345 F.3d at 801 (9th Cir. 2003); *see also Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (tolling the one-year statute of limitations for the entire period the petitioner was denied access to his legal materials). In *Lott*, the Ninth Circuit held that a denial of access to legal materials for eighty-two days, where the materials were returned

only shortly before the expiration of the limitation period, may constitute extraordinary circumstances. *See Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2002).

Here, the evidence corroborates Petitioner's contention that he was separated from his box of legal materials from December 16, 2005, until February 6, 2006. Although Petitioner was deprived of access to his legal documents for a shorter duration than the prisoner in *Lott*, Petitioner's legal materials were not returned until after the statute of limitations expired, making it more difficult for him to timely file his Petition. Additionally, it appears that Petitioner diligently pursued his rights by making several requests for the return of his documents. (*See* Mem. in Supp. of Mot. for Equitable Tolling of Time, Ex. 3.); *Pace*, 544 U.S. at 418. Therefore, this Court **HOLDS** that Petitioner is entitled to fifty-three days equitable tolling for the period of December 16, 2005, until February 6, 2006.[3] Tolling this period extends the filing deadline from January 24, 2006, until March 18, 2006. However, because Petitioner did not constructively file his Petition until May 2, 2006, he will need further tolling if his Petition is to be considered timely.

### 2. *Institutional Lockdowns at Calipatria State Prison*

As stated above, Petitioner contends that he was subjected to institutional lockdowns at Calipatria State Prison from approximately February 2004 until August 2004 and March 2005 until June 2005. (*See* Decl. in Support of Mot. for Equitable Tolling of Time at 2-3.) Because the statute of limitations was already tolled from August 11, 2004, until July 20, 2005, while the Petitioner exhausted his state court remedies, the period from March 2005 until June 2005 is not relevant to this equitable tolling analysis.

The only support Petitioner offers to show that he was subjected to lockdowns from February 2004 until August 2004 is his own declaration, and his request in an "Inmate/Parolee Appeal Form" for program status reports, to which there is no staff response. (*See* Decl. in Support of Mot. for Equitable Tolling of Time at 2.) In his Objection to the R&R, Petitioner

---

[3] This period includes thirteen days beyond January 24, 2006, the final day of the limitation period. However, it seems illogical to untoll the statute of limitations before Petitioner's legal documents were returned to him, as he would remain unable to effectively prepare his petition.

states that even after seven months from the date the form was submitted, he has still not heard from Calipatria State Prison regarding his request. However, there is no evidence that Petitioner filed a second request, or took any action to follow up on his request when a reasonably prompt response was not forthcoming.[4]

Petitioner's conclusory declaration and single attempt to obtain program status reports are not sufficient to meet Petitioner's burden of showing the existence of extraordinary circumstances. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (finding that conclusory allegations are insufficient to establish equitable tolling). Nor does Petitioner's contention that during a lockdown "[t]here is less chance of getting the necessary copies to be filed," constitute a sufficient causal link between the alleged lockdown and Petitioner's failure to timely file his Petition, especially given that the lockdown allegedly occurred at the beginning of the limitation period. (*See* Objection to R&R at 2); *Spitsyn*, 345 F.3d at 801 (9th Cir. 2003); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (denying equitable tolling based on lack of diligence where the petitioner faced an impediment to filing for the first six months of the limitation period that was removed during the last six months of the limitation period). Therefore, this Court **FINDS** that equitable tolling does not apply to the alleged institutional lockdowns at Calipatria State Prison.

### 3. *Institutional Lockdowns at Centinela State Prison*

Petitioner also contends that at Centinela State Prison, he was on orientation from his arrival on December 19, 2005, for fifteen days, and then on lockdown until the end of March 2006. (*See id.* at 3-4; Mem. in Supp. of Mot. for Equitable Tolling of Time, Ex. 2.) Petitioner provides several documents which evidence the institutional "lockdowns" at Centinela State Prison.

---

[4] Note that while it is almost certain that response times to an Inmate/Parolee Appeal Form vary, Petitioner received a response to his request to visit the law library within five days. (*See* Mem. in Supp. of Mot. for Equitable Tolling of Time, Ex. 2.)

Exhibit 2 contains an "Inmate Request for Interview" form[5] providing that Petitioner was part of the facility lockdown from December 29, 2005, until April 12, 2006. (*See* Mem. in Supp. of Mot. for Equitable Tolling of Time, Ex. 2.)  It also mentions that all inmates able to prove a court deadline were allowed access to the law library.

The second page of Exhibit 2 is an "Unclassified Inmate Guide" which states that while on orientation status, inmates are considered unclassified, and unclassified inmates "can only count on [their] meals every day and a shower."  However, whether this statement implies that Petitioner was denied access to the law library while on orientation status is a moot point, because Petitioner's orientation period is encompassed within the period from December 16, 2005, to January 25, 2006, which this Court has already held is equitably tolled.

The next six pages of Exhibit 2 contain copies of seventeen individual "Program Status Reports" dated between January 3, 2006, and April 12, 2006.  These reports evidence that from December 29, 2005, until April 12, 2006, black inmates were on a "modified program" though not an official "lockdown."[6]  Inmates affected by the modified program were allowed access to the law library only for court approved deadlines.  Although the modified program continued until April 12, 2006, it appears from the reports that as of March 2, 2006, all inmates gained "normal" access to the law library.

The first page of Exhibit 4 is an "Inmate/Parolee Appeal Form," dated January 30, 2006, in which Petitioner requests access to the law library.  The staff responds that only those with court deadlines are granted such access.  Petitioner then submits that although he does not have an official court deadline, he must be granted access to meet the one-year limitation period pursuant to the AEDPA. (*See* Mem. in Supp. of Mot. for Equitable Tolling of Time, Ex. 4.)

---

[5] As stated in the R&R, it appears that the bottom half of the form may have been cropped. (*See* R&R at 6.)  But it is also possible that the form itself does not extend below the middle of the page, especially given the way in which the interviewer writes, as if he was running out of space.

[6] The modified program came as a result of an incident on December 29, 2005, where black and Hispanic inmates began to riot. (*See* Mem. in Supp. of Mot. for Equitable Tolling of Time, Ex. 2.)  The Program Status Reports oscillate between affecting all inmates and affecting only blacks and Hispanics.  Because Petitioner is black, the distinction is of no consequence.

Then in a memorandum apparently written around March 14, 2006, the vice principal and associate warden partially grant Petitioner's appeal, indicating that due to a change in the modification program, Petitioner will be brought to the law library on March 15, 2006.  (*See id.*)

Finally, Respondent submits copies of law library records kept by the California Department of Corrections and Rehabilitation, including Petitioner's requests for access to the library  (*See* Resp't's Lodgm't No. 15.). Exhibit 4 and Lodgment 15 indicate that Petitioner was scheduled for a library visit on March 15, 2006.  However, it appears that he may have surrendered his visit using a "Law Library Use Release Form."[7]  After reviewing the signed release form and the staff comments on the request form, "WAIVER, PRESENT, DUE TO NO B YARD MOVEMENT," it seems likely but not certain that Petitioner had no opportunity to visit the law library on March 15, 2006.[8]  The request forms do clearly indicate that Petitioner was granted access to the law library beginning March 24, 2006. (*See* Resp't's Lodgm't No. 15.)

Though not unequivocal, the evidence suggests that Petitioner had no access to the law library from December 29, 2005, until March 24, 2006.  However, lack of access to library material does not automatically qualify as grounds for equitable tolling. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (as amended).  After discounting the overlapping dates from December 16, 2005, until February 6, 2006, which have already been equitably tolled by this Court, and assuming that Petitioner did not gain access to the library until March 24, 2006, Petitioner was denied access to the law library for forty-six days, only forty of which fall within the extended statute of limitations.  This fairly routine deprivation does not rise to the level of

---

[7] The records include request and release forms signed by Petitioner Arthur Wilson, as well as forms signed by a different prisoner, Leroy Wilson.  The inclusion of the latter forms was presumably inadvertent.  Additionally, the evidence of Petitioner's signed release is flawed in that it is cropped from the side, copied on top of a request form of Leroy Wilson, and date-stamped outside of the usual space containing the date.  (*See* Resp't's Lodgm't No. 15.)

[8] It is noteworthy that Respondent, and not Petitioner, requested these records and lodged them with the Court.  Petitioner alleges a "Emergency Response Training" that prevented him from visiting the law library on an unspecified date, and states that he was not allowed access until "on or about March of 2006," but offers no evidence showing he was prevented from using the law library on March 15. (*See* Decl. in Support of Mot. for Equitable Tolling at 4.)

extraordinary circumstances. *See United States v. Cicero*, 214 F.3d 199, 203-04 (D.C. Cir. 2000) (finding that interruptions to a prisoner's access to the law library during the final months of the limitation period do not constitute extraordinary circumstances); *United States v. Van Poyck*, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (holding that brief security lockdowns "could hardly be characterized as an 'extraordinary circumstance' ").

As correctly stated in the R&R, Petitioner was barred from asserting any unexhausted claims in his federal habeas Petition. (*See* R&R at 11-12.) He simply needed to copy the claims he had already raised in the California courts to a federal form and submit that form for filing. Petitioner claims he needed to visit the law library to make copies, and that during a lockdown "there is less chance of getting the necessary copies to be filed." (*See* Objection to R&R at 2; Mot. for Equitable Tolling of Time at 2.) But from July 20, 2005, until December 16, 2005, Petitioner had ample time (nearly five months) to make the necessary set of copies for filing. *Fisher v. Johnson*, 174 F.3d 710, 715-716 (5th Cir. 1999) (holding that equity did not require tolling where the petitioner still had over six months to complete a federal habeas petition notwithstanding an impediment).

Moreover, Petitioner has not shown that his temporary inability to utilize the law library for research or copy purposes was the cause of his untimely filing. *See Spitsyn* 345 F.3d at 799; *Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000) (holding that causation was not demonstrated where a prisoner claimed equitable tolling on the basis of the closure of the law library, even where the closure took place near the end of the limitations period); *Miller*, 141 F.3d at 978 (noting that the claims the petitioner sought to raise were similar to those raised in his direct appeal and motion for state post-conviction relief, thereby weakening his argument that a lack of access to library research materials was the cause of his untimely filing). Nor has Petitioner shown that he diligently pursued his rights by making sufficient effort to file his petition by the statutory deadline. *See Pace*, 544 U.S. at 418.

Accordingly, this Court **FINDS** that equitable tolling does not apply to the institutional lockdowns at Centinela, or to such periods which possibly could be tolled, but are encompassed in already tolled time periods.

### 4. *Petitioner's Ignorance of the Law*

As stated above in footnote 1, it appears that Petitioner may have mistakenly believed that the limitation period began to run after the California Supreme Court denied his habeas petition on July 20, 2005, and not on February 15, 2004, when his conviction became final. Additionally, he may have believed that he needed to perform additional legal research to file his federal Petition. However, Petitioner's ignorance of the law and inability to correctly calculate the statute of limitations are not "extraordinary circumstances" warranting equitable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("We now join our sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). Therefore, this Court **HOLDS** that no equitable tolling arises out of Petitioner's possible miscalculation of the one-year limitation period.

### *Conclusion*

Accordingly, because separation from his legal documents warrants equitable tolling, this Court **GRANTS IN PART AND DENIES IN PART** Petitioner's Motion for Equitable Tolling of Time. However, because Petitioner filed outside the AEDPA's statute of limitations, and equitable tolling fails to bring the Petition within the applicable limitation period, this Court **GRANTS** Respondent's Motion to Dismiss the Petition, and **DISMISSES** the Petition.

**IT IS SO ORDERED.**

DATED: March 28, 2007

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Adler
    All Counsel of Record